UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TERRY HUGHES,<br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SADDLE RIVER POLICE CHIEF TIMOTHY<br>McWILLAMS, et al.,<br>　　　　　　　　Defendants. | 04 Civ. 7030 (SCR)(LMS)<br><br>ORDER REGARDING<br>REPORT AND<br>RECOMMENDATION |

**STEPHEN C. ROBINSON, District Judge:**

# I. Introduction

Plaintiff Terry Hughes, proceeding *pro se*, commenced this § 1983 and *Bivens* action alleging violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well his rights under Privileges and Immunities clause of Article IV of the Constitution. The Defendants are as follows: (1) Saddle River Police Chief Timothy McWilliams, the Saddle River Police Department, and the Borough of Saddle River, New Jersey ("the Saddle River Defendants"); (2) the Westchester County Department of Corrections ("Westchester County"); (3) former head of the Orange County Attorney's Office Catherine Bartlett, Orange County Executive Edward Diana, Timothy Conway of the Orange County Sheriff's Department, District Attorney for Orange County Francis Phillips, Jane Doe of Orange County, and Orange County itself ("the Orange County Defendants")

The Defendants filed various motions to dismiss, and Plaintiff moved for summary judgment. These motions were referred to Chief Magistrate Judge Lisa M. Smith for a report and recommendation. Judge Smith recommended that the claims be dismissed in part. A detailed factual background of this case can be found in her report. Both Plaintiff and the Orange County Defendants filed objections to Judge Smith's recommendation. For the reasons stated below, Judge Smith's report and recommendation is adopted in part.

# II. Analysis

## A. Standard of Review

In reviewing a report and recommendation, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

*See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a *de novo* determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

The Orange County Defendants objected to Judge Smith's recommendation in part. Plaintiff submitted a litany of objections to various aspects of Judge Smith's recommendation, fashioned as both general objections and specific objections with regards to specific sets of defendants. Because of the difficulty in determining if there are any portions of Judge Smith's recommendation which Plaintiff has *not* objected to, and in an abundance of caution, this Court will review Judge Smith's entire recommendation *de novo*.

## B. 12(b)(6) Standard

In evaluating a motion to dismiss, a court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993)) (citation omitted). In doing so, a court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Because the complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2d Cir. 2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## C. The Saddle River Defendants

Plaintiff alleges that his criminal record was not properly expunged pursuant to an April 27, 1984 Court Order. Plaintiff alleges that the failure was done in order to deprive him "of rights guaranteed by numerous amendments and a clause of the United States Constitution". At no point does Plaintiff clarify what rights he believes have been violated, nor how the alleged failure to expunge his criminal effectuated such violations. Thus, even accepting Plaintiff's allegations as true, Judge Smith properly recommended dismissal of these claims. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d. Cir. 2002)("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.").[1]

## D. Westchester County

Plaintiff alleges that Defendant Westchester County i) improperly seized, without a warrant, his medication when he was first detained at Westchester County Correctional Facility (which Judge Smith properly construed as an attempt to state a claim under Fourth Amendment rights); ii) improperly lost said medication (properly construed as alleging a claim under the

---

[1] The Saddle River Defendants filed a motion for summary judgment. Because the Saddle River Defendants filed for summary judgment prior to any discovery, their motion was properly converted to a motion to dismiss under Rule 12(b)(6). *See Muntaqim v. Coombe*, 366 F.3d 102, 106 (2d Cir. 2004).

2

Fourteenth Amendment); iii) denied his right to counsel under the Sixth Amendment and his right to equal protection under the Fourteenth Amendment because Defendant Westchester County granted a "monopoly" to Verizon over the phone system used at the jail; iv) deprived him of his Fifth and Sixth Amendment rights because he was unable to defend himself while incarcerated. Defendant Westchester County filed a motion to dismiss under Rule 12(b)(6).[2]

With regards to Plaintiff's claim under the Fourth Amendment, Judge Smith properly concluded that the seizure of Plaintiff's medication without a warrant or probable cause does not state a claim under the Fourth Amendment. The Second Circuit has recognized that even though prisoners do not surrender all constitutional rights, in the prison context, "a significant governmental interest, such as the maintenance of institutional security, public safety, and order, must prevail over a minimal intrusion on an individual's privacy rights to justify a search on less than individualized suspicion." *Roe v. Marcotte*, 193 F.3d 72, 78 (2d Cir. 1999). Thus, in the interests of institutional order and security, officials at Westchester County Correctional Facility were justified in searching and seizing Plaintiff's medication even without a warrant or probable cause.

In addition Plaintiff's claim for lost medication under the Fourteenth Amendment fails because Plaintiff has alleged only a negligent loss of such property, rather than an intentional or reckless deprivation of his property. *See Eze v. Higgins,* 1996 U.S. Dist. LEXIS 20758, *24 (E.D.N.Y. October 4, 1996)("When an inmate claims that a property loss resulted from the negligence of a prison official, the due process clause is not implicated.")(citing *Daniels v. Williams*, 474 U.S. 327, 332 (1986)). In addition, Plaintiff fails to allege that his alleged deprivation was the result of a municipal policy or custom, and therefore fails to state a § 1983 claim against Westchester County. *See Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

In addition, the monitoring system at the prison did not constitute a violation of Plaintiff's right to counsel under the Sixth Amendment. *See Davidson v. Dean*, No. 97 Civ. 0202, 2000 U.S. Dist. LEXIS 2526, at *6-7 (March 7, 2000)(holding that a system of monitoring prisoner's phone calls did not constitute a infringement of inmates' Sixth Amendment rights because the right to counsel does not include "a right to unlimited, unrestricted telephone use", and that a "correctional facility need not even provide the most efficient method of communication between an inmate and counsel" because "[a]lthough the monitoring of inmate calls may, no doubt, have some chilling effect on plaintiff's telephonic communications with counsel, that burden is outweighed by [a prison's] legitimate concern of ensuring that inmates are not misusing the telephones."). Moreover, Plaintiff fails to allege any particular harm which resulted from the alleged monitoring involved.

In addition, Plaintiff's allegation that the fact that prisoners with attorneys for Legal Aid were allowed a dedicated phone line to contact attorneys fails to state a claim under the Equal Protection clause of the Fourteenth Amendment because Plaintiff fails to allege that the differential

---

[2] Judge Smith properly declined to accept additional factual averments by plaintiff in motion papers and correspondence in response to Defendants' motion to dismiss. *See In Re: Geopharma Inc.*, 399 F.Supp.2d 432, 445 n.100 (S.D.N.Y. 2005); *Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*, 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001).

treatment was the result of an impermissible consideration, and that such differential treatment was done with discriminatory purpose. *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)(holding that "[t]o show an equal protection violation, [a plaintiff] must show they were selectively treated compared with other similarly situated...and that selective treatment was based on impermissible considerations such as race, [or] religion" and that a plaintiff must also allege "that the decisionmakers in [their] cases acted with discriminatory purpose.").

In addition, Plaintiff's allegation that the monitoring system used at the jail violated additional rights under the Fifth and Sixth Amendments fails to state a claim because he fails to support his claim with anything more than the conclusory allegation that he was deprived from defending himself. *Smith*, 291 F.3d at 240 ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.").

Judge Smith therefore correctly recommended that Plaintiff's claims against Westchester County be dismissed.

### E. The Orange County Defendants

Judge Smith recommended partial dismissal of the claims against the Orange County Defendants. Judge Smith's recommendation is affirmed.

As an initial matter, Judge Smith correctly recommended that the claims against the Orange County Defendants be construed as both in their official and individual capacities. Courts are to construe *pro se* complaints liberally. *Haines v. Kerner*. 404 U.S. 519, 521 (1972); *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007). While courts are to look to the course of the proceedings to determine whether plaintiff intended to sue defendants in their individual or official capacities, *see Ying Jing Gan v. The City of New York*, 996 F.2d 522, 530 (1993), the court notes that for each of the Orange County individuals named, plaintiff addresses why qualified immunity (or on occasion simply "immunity") is not applicable. Since qualified immunity would be had plaintiff sued Defendants only in their official capacities, and because courts are to construe *pro se* complaints liberally, this court holds that plaintiff's complaint asserts claims against the Orange County defendants in both their individual and official capacities.[3]

### 1. Defendant Conway and the Orange County Sheriff's Department

Plaintiff asserts that the Defendant Conway acted with gross negligence when he charged plaintiff with two counts of filing a false instrument. Plaintiff asserts that Conway failed to check records in New York and New Jersey, which would have confirmed that plaintiff had *not* been convicted of a crime – and therefore was not filing a false instrument when he stated he had not

---

[3] Orange County Defendants request leave to submit a motion to dismiss on behalf of Diana, Phillips, and Conway in their personal capacity. This Court will not rule on Orange County Defendant's personal capacity defenses at this time. Orange County Defendants are free to make defenses to liability in their personal capacity in a motion for summary judgment at a later point in the pretrial proceedings. *See Kerman v. City of New York*, 374 F.3d 93, 111-12 (2d Cir. 2004); *see also Blissett v. Coughlin*, 66 F.3d 531, 538 (2d Cir. 1995); *Rinaldi v. City of New York*, 756 F. Supp. 111, 115-16 n.3 (S.D.N.Y. 1990) (holding that a defendant who did not raise a qualified immunity defense in his answer may raise one on a summary judgment motion if there is no prejudice to the plaintiff).

4

been convicted of a crime. Plaintiff asserts claims under the First, Fourth, and Fifth Amendments, and the Privileges and Immunities clause.

With regards to Plaintiff's First Amendment claims, Plaintiff fails to assert how Defendant's actions, or inactions, violated his First Amendment rights. Judge Smith therefore properly recommended dismissal of these claims.

This Court construes Plaintiff's claims under the Fourth Amendment, as Judge Smith did, as claims for false arrest, malicious prosecution, and abuse of process. With regards to Plaintiff's claim for false arrest, and malicious prosecution, probable cause is a complete defense. *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004); *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003)*Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Probable cause is established "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993) Because this Court cannot determine, prior to any discovery, whether Defendant Conway acted reasonably when arresting plaintiff, this Court adopts Judge Smith's recommendation to deny Defendant Conway's motion to dismiss Plaintiff's claims for false arrest and malicious prosecution.

With regards to Plaintiff's claim for abuse of process, plaintiff fails to identify an impermissible collateral purpose, and Judge Smith properly recommended dismissal of this claim. *See Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)(plaintiff must assert a collateral objective that is outside the legitimate ends of the process in order to sustain claim for abuse of process).

With regards to Plaintiff's claims under the Fifth Amendment, this Court construes the complaint, as Judge Smith did, as asserting claims under the Due Process clause. With regards to any substantive due process claims, the complaint fails to assert which substantive due process rights are being asserted, nor how they were violated. Therefore any such claims are dismissed. In addition, plaintiff has also asserted that the charges were dismissed against him "*as a matter of law*" (emphasis added), plaintiff appears to assert that he did receive some procedural due process, and that the charges against him were dismissed. Since plaintiff fails to assert what if any of his procedural rights were denied, nor how they were denied, any procedural due process claims are also dismissed.

Judge Smith properly recommended that any claims under the Privileges and Immunities clause(s) be dismissed. With regards to the Privileges and Immunities clause of Article IV, plaintiff fails to state a claim because both he and the Orange County Sheriff's department are citizens of the same state – New York. *See Hague v. Committee for Indus. Org.*, 307 U.S. 496, 511 (1939)( the Privileges and Immunities clause "prevents a State from discriminating against citizens of other States in favor of its own"); *Bach v. Pataki*, 408 F.3d 75, 88 (2d Cir. 2005)("In order to prevail on a Privileges and Immunities challenge, a plaintiff must demonstrate that the "State has, in fact, discriminated against out-of-staters with regard to the privileges and immunities it accords its own citizens."). With respect to the Privileges and Immunities clause of the Fourteenth Amendment, plaintiff also to state a claim because he fails to assert that he has been discriminated against because of his state citizenship. *See Saenz v. Roe*, 526 U.S. 489, 503-04, 511

(1999). Plaintiff's claims under the Privileges and Immunities clause of Article IV and the Fourteenth Amendment are therefore dismissed.

Finally, all claims against Defendant Conway in his official capacity are dismissed because plaintiff fails to allege that Conway's actions were taken pursuant to an official policy or custom, or that Conway was a final decision maker whose conduct could be imputed to Orange County. *See Bd. of the County Comm'Rs v. Brown*, 520 U.S. 397, 403-04 (1997).

## 2. Defendant Bartlett and the Orange County Office of Legal Counsel

Plaintiff asserts that Defendant Bartlett and the Office of Legal Counsel of Orange County improperly terminated his employment with the Orange County Department of Health after he had been arrested, but before the charges "had been determined for probable cause" in open Court. Plaintiff asserts claims under the Fifth and Fourteenth Amendments. Judge Smith properly construed these assertions as claims for deprivation of liberty or property without due process of law. Judge Smith also properly concluded that these claims should be construed not as claims for termination from employment because, as Plaintiff acknowledges, he was a provisional employee that could have been terminated for any reason. *See Complaint* p. 16, ¶ 4(d).

With respect to plaintiff's claim for deprivation of personal property in his desk, plaintiff fails state a claim because he had an adequate post-deprivation remedy in the form of an Article 78 proceeding in New York state court. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880-81 ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy" and "an Article 78 proceeding is a perfectly adequate postdeprivation remedy".)

Plaintiff also asserts injury to reputation when Defendant Bartlett publicized the fact that he was being terminated. Such an injury to reputation is properly analyzed as a "stigma-plus" deprivation of liberty. *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005). However, because an adequate post-remedy deprivation was available to plaintiff in the form of an Article 78 proceeding, plaintiff's liberty "stigma-plus" claim under the Due Process clauses of the Fifth and Fourteenth Amendments must also fail. *See DiBlasio v. Novello*, 344 F.3d 292, 303 (2d Cir. 2003)

Finally, even assuming that plaintiff's claims against Defendant Bartlett were not dismissed, any claims against Bartlett in her official capacity are dismissed because plaintiff fails to allege that Bartlett's actions were taken pursuant to an official policy or custom, or that she was a final decision maker whose conduct could be imputed to Orange County. *See Bd. of the County Comm'rs*, 520 U.S. at 403-04.

## 3. Defendant Edward Diana and Orange County

Plaintiff asserts claims against Edward Diana, Orange County Executive and Orange County for effectively the same harm alleged as alleged against Defendant Bartlett -- i.e. that he was terminated from his position after he was arrested, and that termination was announced, prior

6

to a determination of probable cause. Plaintiff asserts claims under the Fourth and Fifth Amendments, and the Privileges and Immunities clauses.

Plaintiff brings the same claims under the Fourth Amendment as he did under Defendant Bartlett. However, Plaintiff fails to allege any personal involvement on the part of Defendant Diana. Accordingly, Judge Smith properly recommended dismissal of Plaintiff's Fourth Amendment claims against Defendant Diana. *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

In addition, Plaintiff's claims against Defendant Diana under the Privileges and Immunities clause are dismissed for the same reasons that those same claims against Defendant Bartlett were dismissed.

With regards to Plaintiff's stigma-plus claim against Defendant Diana, I respectfully disagree with Judge Smith's recommendation. The Second Circuit has held that a Plaintiff loses a liberty interest, for procedural due process purposes, when he or she suffers a stigma from public accusation of criminal behavior plus the tangible loss of employment. *Velez*, 401 F.3d at 87. In a "stigma-plus" claim, a plaintiff must allege "(1) the utterance of a statement about [him] that is injurious to [his] reputation, 'that is capable of being proved false, and that he ... claims is false,' and (2) 'some tangible and material state-imposed burden ...in addition to the stigmatizing statement.'" *Id.* (quoting *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds, Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003)).

The Complaint alleges Defendant Diana made statements to the media about Plaintiff's arrest and termination from his position. Plaintiff states that Diana terminated him after his arrest on criminal charges. After the charges had been brought, Plaintiff alleges Diana "declared plaintiff was being arrested by Orange County for Filing a False Instrument in the First Degree, two counts, for allegedly certifying on employment applications that he had not been convicted of a crime when purportedly he had been." Diana made these statements after arrest and criminal charges had been brought.

Orange County Defendants argue that Diana's statement is not false, and therefore, fails the first prong of the test for a "stigma-plus" liberty interest. Technically the statements were true, as Plaintiff concedes in the complaint that he had been arrested for allegedly filing a false instrument at the time of the statements. Plaintiff founds his Fourteenth Amendment claim on the ground that the criminal charges are false and that Diana did not investigate the validity of the criminal charge before he terminated Plaintiff and announced the arrest to the media. Plaintiff claims that he did not commit the crime, and can challenge the charges by producing the Expungement Order.

For Plaintiff to claim an interest in a deprivation hearing in a "stigma-plus" claim, the complaint must allege that the statements made by the government official are false. *See Codd v. Velger*, 429 U.S. 624, 627 (1997) (a complaint must challenge the substantial truth of the "material in question"); *Brandt*, 820 F.2d at 44 ("the employee must allege that the charges were false"). *See generally Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006) (a "stigma-plus" claim requires that stigmatizing statements have been made). As the complaint describes the facts,

7

Defendant Diana's statement was not false. As such, Plaintiff does not allege facts that show Defendant Diana violated a liberty interest. *See S & D Maintenance Co., Inc. v. Goldin*, 844 F.2d 962, 971 (2d Cir. 1988) (public statements indicating that plaintiff was being investigated for criminal activity, which were made when plaintiff was in fact being investigated, did not violate a liberty interest). Defendant Diana's alleged statement recited the undisputed fact that Plaintiff "was being arrested" for the crime. There is no allegation that Diana stated his opinions or made any statement regarding the likelihood of Plaintiff's guilt or innocence. Any stigma arising from these statements are due to the arrest itself, a matter of public record, and not of any false statements of the city. *See id.*

As Plaintiff does not allege that Defendant Diana's alleged statements regarding his arrest were untrue, he cannot claim that statements violated a liberty interest and has not stated a colorable due process claim against Defendant Diana.

### 4. Defendant Francis Phillips

Plaintiff brings claims against Defendant Francis Phillips, Orange County District Attorney for allegedly initiating charges against him without probable cause, and because of the alleged deprivation of his right to counsel based on similar allegations as against Westchester County.

For the same reasons that the Sixth Amendment claims against Westchester County should be dismissed, Judge Smith properly recommended dismissal of Plaintiff's Sixth Amendment claims against Defendant Phillips. In addition, Plaintiff does not allege any facts which suggest that Defendant Phillips had any control over the communications system at the Westchester County jail. Accordingly, the Plaintiff's Sixth Amendment claims against Defendant Phillips are dismissed.

With regards to Plaintiff's claim that charges were brought against without probable cause, Judge Smith properly concluded that these claims should be construed as a claim under the Fourth Amendment, i.e. malicious prosecution, rather than a generic claim under the Due Process clause. *See Bryant v. City of New York*, 404 F.3d 128, 135-36 (2d Cir. 2005). However, although plaintiff may state a *prima facie* claim for malicious prosecution, this Court holds that the initiation of prosecution is a quintessential prosecutorial function for which Defendant Phillips is entitled to absolute prosecutorial immunity. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005)("[T]he prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he] proceeds in the clear absence of all jurisdiction.")

In addition, Judge Smith properly recommended dismissal of the official capacity claims against Defendant Phillips. Claims against a government official in an official capacity are claims against the entity for which the official is an agent. *Ky. v. Graham*, 473 U.S. 159, 165 (1985). To state a claim under § 1983, a plaintiff must allege that the deprivation in question occurred as the result of an official policy or custom. *Id.* at 166. Since the District Attorney represents the State, not the County, in deciding to bring criminal charges, *Baez v. Hennessy*, 853 F.2d 73, 77 (1988), plaintiff has not alleged a *Monell* claim against the Orange County District Attorney's office, and Plaintiff's official capacity claims against Defendant Phillips are dismissed.

### 5. Jane Doe and Unknown Agency, Orange County

Plaintiff asserts that an unknown Jane Doe and an unknown agency in Orange County made false statements against him to prospective employers, depriving him of his constitutional right to reputation, to follow his chose profession and right to be professionally licensed. Because Plaintiff offers nothing more than an allegation that some unknown employee of an unknown agency in Orange County made an allegedly false communication to prospective employers, Judge Smith properly recommended dismissal of this claim.

### F. Federal Defendants

As an initial matter, Judge Smith properly concluded that Plaintiff brings claims against the Federal Defendants in their personal capacities only. *See Complaint* ¶ 1.

### 1. Claims Against Defendants Comey and Miller

Plaintiff asserts a litany of claims against Defendants Comey and Miller in their personal capacities. In particular, Plaintiff alleges that Defendants Comey and Miller, in their personal capacities, fabricated charges against him in order to remove cash from his residence, and arrested and confined him on charges of being a felon in possession of a firearm and building a chemical weapon. Plaintiff also alleges that Comey and Miller developed a non-existent confidential informant in order to prevent him from challenging his arrest and confinement. Plaintiff also alleges that Comey and Miller, along with Defendant Hourihan, denied him equal protection by bringing charges against him on the basis of his profession. Plaintiff also alleges that Comey and Miller provided Defendant Weber with false information with the intention that that such information would be distributed to the public.

Plaintiff also alleges that Defendant Miller made false assertions against him in public, prejudiced government authorities against him by asserting that a substance retrieved at home was being tested as a possible explosive, and improperly charged him with transmitting a threat in interstate commerce.

Judge Smith properly recommended dismissal of all these claims. All of these claims, other than the claim regarding Defendant Miller's alleged press conference, are quintessential prosecutorial functions, for which Defendants Comey and Miller enjoy prosecutorial immunity. *Shmueli*, 424 F.3d at 237 ("[T]he prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he] proceeds in the clear absence of all jurisdiction.")(internal quotations omitted). These claims are therefore dismissed.

With respect to the allegations regarding the press conference that Defendant Miller held, these acts are not subject to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993). However, Plaintiff's claim does not identify which of his constitutional rights the alleged press conference violated. He only asserts that the Miller held the press conference with the "purpose of depriving plaintiff of his constitutional rights" but alleges no facts that support this claim. Mere assertions of legal conclusions do not sufficiently state a claim for relief, and as such,

Miller's motion to dismiss is granted. *See Ingrasia v. County of Sullivan*, 262 F. Supp. 2d 116, 118-19 (S.D.N.Y. 2003) ("[L]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citations omitted). Plaintiff has not identified how the press conference violated his constitutional rights, Miller's motion to dismiss is granted.

## 2. Defendant Weber

Plaintiff alleges that Defendant Weber had been convicted of aggravated assault, knowing that such information would be distributed to the public. Judge Smith properly read these allegations as alleging a stigma-plus claim under the due process clause. However, Plaintiff has not alleged facts that would establish a procedural "stigma-plus" due process claim against Weber. Plaintiff alleges that Weber publicized false information about him with the intent to injure his reputation and cause him to lose his job. Plaintiff alleges under that the statements to the press violated his liberty interest without due process. In a "stigma-plus" due process claim, Plaintiff must allege that a related state actor deprived him of his status or rights in addition to the allegation that the statements injured his reputation. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (damage to a plaintiff's reputation without more is not recoverable in a *Bivens* due process action); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("even where a plaintiff's allegations would be sufficient to demonstrate a government-imposed stigma, such defamation is not, absent more, a deprivation of a liberty or property interest protected by due process").

Although Plaintiff's allegations indicate that Weber's statements injured his reputation, he doesn't indicate that the statements were made in connection with a further deprivation of a status or a right. *See Sadallah*, 383 F.3d at 38. Plaintiff was not employed by the Federal Government, nor did Weber have the authority to impact his employment status. Without alleging the "plus" element of the due process claim, the deprivation of a status or right, Plaintiff has not sufficiently made a claim against Weber, and the motion to dismiss is granted.

## 3. Defendant Maxwell

Plaintiff alleges that Defendant Kenneth Maxwell of the FBI violated his First, Fourth, Fifth and Sixth Amendment rights, as well as rights under the Privileges and Immunities clause. Plaintiff alleges that these violations occurred while Maxwell was executing a search of Plaintiff's home pursuant to a search warrant.

With respect to plaintiff's claims under the First and Sixth Amendment, as well as the Privileges and Immunities clause, plaintiff alleges no facts sufficient to sustain a claim. Judge Smith therefore properly recommended dismissal of these claims.

With respect to Plaintiff's Fifth Amendment claim, plaintiff alleges that, similar other defendants, Defendant Maxwell knowingly gave false information to the press in order to injure plaintiff's professional reputation. Plaintiff's due process claims against Maxwell for injuring his reputation are the same as those against Weber. As Plaintiff has not alleged a tangible and material federally-imposed burden in addition to his defamation claim, the due process "stigma-plus" claim is dismissed. *See Siegert*, 500 U.S. at 233-34.

With respect to Plaintiff's Fourth Amendment claim, Plaintiff offers little factual basis regarding the basis for this complaint, other than the naked assertion that the facts in this case are similar to *Bivens*. This assertion is insufficient to sustain a claim under the Fourth Amendment. Judge Smith therefore properly recommended dismissal of this claim.

Accordingly, Plaintiff's claims against Defendant Maxwell are dismissed.

### 4. Defendant Keith Talbert

Plaintiff alleges that Defendant Keith Talbert made false statements to the Court in order to deny plaintiff bail, in violation of his right to liberty under the Fifth Amendment, his right to confront witnesses under the 6th Amendment, and in violation of the 8th Amendment prohibition against excessive bail. Plaintiff also alleges Defendant Talbert's actions wrongfully maintained him in confinement – thereby alleging a claim for false imprisonment.

With regards to Plaintiff's claim for false imprisonment, Plaintiff alleges that Talbert manufactured a confidential informant and gave false information to the Magistrate Judge in order to obtain a search warrant. Although the Plaintiff did not allege any specific constitutional claims, Judge Smith analyzed Plaintiff's claim for false arrest and false imprisonment. Probable cause is a complete defense to the claims of false arrest and false imprisonment. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Plaintiff attached Talbert's affidavit to his Complaint. The Magistrate Judge determined that Talbert's affidavit established sufficient probable cause to issue a warrant.

Talbert is entitled to immunity because Plaintiff has not alleged any facts that would show that Talbert acted recklessly in making his affidavit. To overcome Talbert's qualified immunity defense, Plaintiff must show a "'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit..." *Golino v. City of New Haven*, 950 F.2d 864, 70 (2d Cir. 1991). Plaintiff has not alleged any facts that would corroborate his claim that the confidential informant does not exist. Talbert's affidavit includes portions of the threatening email that Plaintiff sent to the acquaintance of the confidential informant. Nor does Plaintiff contradict the fact that the informant knew about his profession in the Orange County Department of Health. Instead he makes conclusory and unsupported allegations that the FBI manufactured an informant to incriminate him. This is not sufficient to for Plaintiff to meet the high burden of challenging a warrant issued by a neutral magistrate. *Id.* The claims against Talbert are therefore dismissed.

With respect to Plaintiff's Sixth Amendment claim against Defendant Talbert, Judge Smith correctly recommended dismissal. Plaintiff's right to confront witnesses does not extend to the right to confront witnesses prior to pre-trial detention. *Crawford v. Washington*, 541 U.S. 36, 42-43 (2004)("witnesses against" a defendant within the meaning of the Confrontation Clause could mean "those who actually testify at trial, those whose statements are offered at trial, or something in-between."). Plaintiff therefore fails to state a claim under the Confrontation Clause.

11

With respect to Plaintiff's claim under the Eighth Amendment, there is no right to bail under the Eighth Amendment. *Carlson v. Landon*, 342 U.S. 524, 545 (1952). Plaintiff's allegation that Talbert's false statements denied him bail in violation of the Eighth Amendment is essentially a claim for false imprisonment, discussed already. Plaintiff's claim under the Eighth Amendment against Defendant Talbert is therefore dismissed.

## 5. Defendant Hourihan

Plaintiff asserts violations of his right to "free speech, liberty, property, the right to earn a living in his chosen profession, and the right to join a political party and to run for public office, the right to be free from preventative detention, and the right to earn a living without being arrested based upon an invidious classification in violation of the Equal Protection Clause." Plaintiff further states violations of his rights under the First, Fourth, Fifth and Fourteenth Amendments, as well as a right the Privileges and Immunities clause to join a political party and run for office. Plaintiff further alleges that money was stolen from his residence during the execution of a search warrant and created a phony criminal record for plaintiff.

As discussed already, Plaintiff fails to state a claim under the Eighth Amendment, or the Privileges and Immunities clauses. Judge Smith also properly recommended dismissal of plaintiff's claims under the Equal Protection clause[4] because Plaintiff fails to allege any similarly situated group of individuals which was treated differently than him.

Judge Smith also properly recommended dismissal of Plaintiff's procedural due process claims. Plaintiff's allegation that property was taken from him during the execution of a search warrant is insufficient to sustain a claim under the Due Process clause because plaintiff has an adequate post-deprivation remedy under Federal Rule of Criminal Procedure Rule 41(g). See *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004).

With respect to Plaintiff's Fourth Amendment claims, Plaintiff alleges that Hourihan violated his constitutional rights by initiating a search of his home and arresting him on information that he knew was false. Plaintiff has not alleged any facts against Hourihan that, if proven, could corroborate his claim that Hourihan manufactured a false informant. Plaintiff's claims are generally conclusory and unsupported by factual claims. As Judge Smith noted, the facts that Plaintiff does allege against Hourihan do not meet the high burden of challenging a warrant issued by a neutral magistrate. *See Golino*, 950 F.2d at 870. In addition, Judge Smith properly recommended dismissal of Plaintiff's claim for malicious prosecution. Plaintiff fails to allege that Defendant Hourihan, a New York City police officer who was working with federal authorities, was personally involved in the decision to initiate charges against Plaintiff. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (personal involvement necessary to sustain a claim for constitutional violation).

Judge Smith also properly recommended dismissal of Plaintiff's claim for abuse of process because Plaintiff fails to allege any objective collateral to his criminal prosecution.

---

[4] Because Defendant Hourihan is construed as being employed by the Federal Government for purposes of this motion, Plaintiff's Equal Protection claim is construed as being brought under the 5th Amendment rather than the Fourteenth.

With respect to Plaintiff's First Amendment claim, however, I respectfully disagree with Judge Smith recommendation that it be dismissed. In order to state a claim under the First Amendment, a plaintiff must allege that "(1) his actions were protected by the First Amendment and (2) the defendant's alleged conduct was in response to that protected activity." *See Velez*, 401 F.3d at 97. Plaintiff alleges that Defendant Hourihan falsified allegations against him in order to prevent him from publishing information regarding members of the NYPD associated with the Irish Republican Army and assisted the Irish Republican Army by making one of their members Grand Marshal of the St. Patrick's Day Parade. Complaint p. 13, ¶ 4(a). Taken as true, this allegation is sufficient to sustain a claim under the First Amendment against Defendant Hourihan. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).")(internal quotations and citations omitted). Defendant Hourihan's motion to dismiss the First Amendment claim against him is therefore denied.

### G. Plaintiff's Motion for Summary Judgment

Finally, Judge Smith properly recommended denial of Plaintiff's motion for summary judgment. Summary judgment is appropriate only if "there is no genuine issue as to any material fact". Fed. R. Civ. P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* The initial burden falls on the moving party who is required to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). If the moving party meets its burden, the burden shifts to the party opposing summary judgment to set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that 'its version of the events is not wholly fanciful.'" *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999) (quoting *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998)). Plaintiff sought summary judgment on the factual issue of whether Plaintiff was ever convicted of a felony. At this early stage of litigation, prior to the completion of discovery, this Court declines to take judicial notice of this issue of fact. Plaintiff's motion for summary judgment is therefore denied.

## III. Conclusion

For the reasons stated above, I adopt, in part, Judge Smith's well-reasoned report and recommendation. Defendant Conway's motion to dismiss Plaintiff's claims for false arrest and malicious prosecution against him in his individual capacity is denied. Defendant Hourihan's motion to dismiss Plaintiff's First Amendment claim against him is denied. All other claims against Defendants Conway and Hourihan, and all claims against the remaining Defendants are dismissed.

*It is so ordered.*

White Plains, New York
Dated: June 18, 2008

_____
Stephen C. Robinson
United States District Judge