T MatUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

TERRY HUGHES,

        Plaintiffs,                      04 CV 7030 (KMW)
                                          OPINION AND ORDER

   -against-

SADDLE RIVER POLICE CHIEF
TIMOTHY MCWILLIAMS, et al.,

        Defendants.

------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.

      Pro se Plaintiff Terry Hughes ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 and the standards set forth in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging that Defendants committed various unconstitutional acts against him. The Court dismissed all of Plaintiff's claims, except Plaintiff's claims against Defendant Thomas Conway for violation of Plaintiff's Fourth Amendment rights, and Plaintiff's claim against Defendant Daniel Hourihan for violation of Plaintiff's First Amendment rights. Defendants Conway and Hourihan now move for summary judgment on Plaintiff's claims. Plaintiff, in a series of letter motions submitted to the Court, also moves for summary judgment on a number of disparate issues.[1] The Court referred the parties' motions to Magistrate Judge Lisa M. Smith for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In October 2009, Magistrate Judge Smith issued a Report and Recommendation ("Report"), familiarity with which is assumed. The Report recommended that the Court grant Conway's and Hourihan's motions

---

[1] These letter motions were docketed by Magistrate Judge Smith as "Plaintiff's Omnibus Motion for Summary Judgment." See Docket #101.

for summary judgment and deny Plaintiff's motion for summary judgment.  Plaintiff filed timely objections to certain of the Report's recommendations.

For the reasons stated below, the Court adopts the Report's recommendations, GRANTS Conway's and Hourihan's motions for summary judgment, and DENIES Plaintiff's motion for summary judgment.

I.   Background

In August 2002, a confidential informant told the New York City Joint Terrorism Task Force ("JTTF") that Plaintiff claimed to have access to chemicals that he intended to use to poison a water supply located in New York, and that Plaintiff possessed a M-16 machine gun.  Members of the JTTF, including Defendant Hourihan, believed that Plaintiff had been arrested previously for aggravated assault.  Hourihan and other JTTF officers obtained warrants authorizing Plaintiff's arrest and the search of his home and property on suspicion that he had violated 18 U.S.C. § 922(g)(1), which makes it illegal to possess a firearm after having been convicted of a felony.  After his detention, the Government brought a second criminal complaint against Plaintiff, charging him with sending a threatening communication via interstate commerce, in violation of 18 U.S.C. § 875(c).  At the Government's request, the § 922(g)(1) charge was dismissed without prejudice.  Plaintiff then was released on bail.

As a result of the federal charges against him, Plaintiff's employer, the County of Orange, terminated Plaintiff's employment, on the ground that he had falsely completed his employment application by omitting that he had been convicted of a crime.  In late September 2002, the Orange County Sheriff arrested Plaintiff and charged him with two counts of filing a false instrument in violation of New York State law.  Defendant Conway, a detective in the Orange County Sherrif's office, was responsible for obtaining the arrest warrant and preparing

2

and filing the charges against Plaintiff. Before doing so, Conway conducted a computer background check on Plaintiff and received a report from the New York State Police Information Network ("NYSPIN") stating that Plaintiff had been convicted of aggravated assault in Bergen County, New Jersey in 1972. Orange County later dropped all charges against Plaintiff when it discovered that Plaintiff had obtained an order of expungement from the Bergen County, New Jersey Superior Court in 1984, expunging his conviction for aggravated assault.

Plaintiff brought this action against numerous municipal entities and individual defendants, raising constitutional claims based upon his arrests and the termination of his employment. In 2008, Judge Stephen C. Robinson dismissed all of Plaintiff's claims, except: (1) claims against Conway for false arrest and malicious prosecution in violation of Plaintiff's Fourth Amendment rights; and (2) a First Amendment retaliatory arrest claim against Hourihan.

Following discovery, Conway and Hourihan moved separately for summary judgment. In a series of letter motions to the Court, Plaintiff also moved for summary judgment on a number of disparate issues. In her Report, Magistrate Judge Smith recommended that the Court grant Conway's and Hourihan's motions for summary judgment, and deny Plaintiff's motion as moot. On November 23, 2009, Plaintiff filed timely objections to the Report's recommendation that the Court grant Conway's motion for summary judgment.[2] Plaintiff does not object to the Report's recommendations to grant Hourihan's motion and to deny Plaintiff's motion as moot.

---

[2] Plaintiff also filed a document entitled "Response to Orange County Motion for Summary Judgment." Plaintiff previously filed replies to the pending motions for summary judgment, and is not entitled to file an additional response at this time. To the extent that the Response addresses the conclusions reached in the Report, however, the Court will construe the Response as supplementing Plaintiff's objections.

II.    Analysis

A. Legal Standard for Reviewing Report and Recommendation

Where a party has filed timely objections to a magistrate judge's report and recommendation, the Court reviews the report and recommendation de novo. Where a party has not filed objections, the Court reviews the report and recommendation only for clear error. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

B. Conway's Motion for Summary Judgment

Plaintiff timely objected to the Report's recommendation to grant Conway's motion for summary judgment. Accordingly, the Court reviews Conway's motion for summary judgment de novo. The Court holds that Plaintiff has failed to establish claims against Conway for false arrest or malicious prosecution.

1. Summary Judgment Standard

Summary judgment is appropriate where the pleadings, affidavits, and disclosures that form the record establish that there is no "genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be denied "if the evidence is such that a reasonable jury could return a verdict" in favor of the non-moving party. NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 178-79 (2d Cir. 2008). In deciding a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. In re "Agent Orange" Prod. Liab. Litig., 517 F.3d 76, 87 (2d Cir. 2008). The non-moving party cannot, however, "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through

mere speculation or conjecture." W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal citations and quotations omitted).

    2.  False Arrest Claim

        a.  Legal Standard

To succeed on a claim for false arrest, a plaintiff must prove that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not "otherwise privileged." Singer v. Fulton Co. Sherriff, 63 F.3d 110, 118 (2d Cir. 1995). Confinement is privileged when it is based on probable cause. See Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007); Bender v. Alvarez, 2009 WL 112716, at *5-9 (E.D.N.Y. Jan. 16, 2009). To establish probable cause for seeking an arrest warrant, a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence." See Koester v. Lanfranchi, 288 Fed. Appx. 764, 765 (2d Cir. Aug. 13, 2008) (quoting Martinez v. Simonetti, 202 F.3d 625, 635 (2d Cir. 1007)). In general, a police officer can rely on information obtained from a police computer database in order to establish probable cause. See Herring v. United States, 129 S.Ct. 695, 704 (2009). The police officer's reliance on such information is reasonable even if the information is incorrect, provided the police officer did not know or have reason to know that the information was false or unreliable. Id. (where no evidence of routine or widespread errors on computer database exist, officer's reliance on information obtained from database is reasonable); Arizona v. Evans, 514 U.S. 1, 15-16 (1995) (police officer reliance on police computer record was reasonable even though the outstanding warrant on which the officer arrested the defendant was the result of a clerical error).

b. <u>Application</u>

Plaintiff claims that Conway did not have probable cause to seek the arrest warrant. Plaintiff argues that Conway should have conducted a more thorough background check on Plaintiff, which would have revealed that Plaintiff's 1972 conviction had been expunged. Plaintiff also claims that Conway knew or should have known that Plaintiff did not have a prior conviction because: (1) Plaintiff had been employed and licensed by the New York State for over fourteen years, and it is unlikely that the State would have employed Plaintiff if he had been convicted of a crime; and (2) the federal court had dismissed the § 922(g)(1) claim against Plaintiff prior to his arrest by Orange County.

The NYSPIN report on Plaintiff stated that Plaintiff had a prior conviction for aggravated assault. Plaintiff has offered no evidence to show that Conway knew or had reason to know that the NYSPIN report was inaccurate.[3] Plaintiff's employment would not necessarily give Conway reason to question the report, particularly when Plaintiff was being charged with lying to the State about his criminal history on his application for employment. There is no evidence indicating that Conway knew the § 922(g)(1) claim had been dismissed. Therefore, Conway's reliance on the NYSPIN report was reasonable, and Conway had probable cause for seeking the arrest warrant. Plaintiff's confinement was "privileged." Accordingly, the Court adopts the

---

[3]   At Magistrate Judge Smith's suggestion, Plaintiff attached to his objections a copy of the 1972 Judgment from the Bergen County Superior Court. On the Judgment, a name has been crossed out and Plaintiff's name has been added as the defendant. The Court thanks Plaintiff for supplying this document. Plaintiff, however, still has not offered any evidence indicating that Conway had seen or was aware of the document at the time that he sought the arrest warrant. Without such evidence, the alterations on the Judgment do not undercut the reasonableness of Conway's reliance on the NYSPIN report.

Report's conclusion that Plaintiff has failed to establish a claim for false arrest. The Court GRANTS Conway's motion for summary judgment on the claim.[4]

    3. Malicious Prosecution Claim

        a. Legal Standard

To succeed on a claim for malicious prosecution, a plaintiff must establish that: (1) the defendant commenced a criminal proceeding against plaintiff; (2) the criminal proceeding terminated in plaintiff's favor; (3) the defendant did not possess probable cause to initiate the proceeding; and (4) the defendant initiated the proceeding out of malice. Bernard v. U.S., 25 F.3d 98, 104 (2d Cir. 1994). A defendant has probable cause to initiate a criminal proceeding where the defendant has sufficient information "to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." Marshall v. Sullivan, 105 F.3d 47, 54 (2d Cir. 1996); see also Winn v. McQuillan, 390 F. Supp. 2d 385, 390 (S.D.N.Y. Sept. 30, 2005) (the probable cause required to initiate a criminal proceeding is the same standard of probable cause required to make a lawful arrest).

        b. Application

For the reasons discussed above, Conway's reliance on the NYSPIN report was reasonable. Conway, therefore, had probable cause for initiating a criminal proceeding against Plaintiff. Moreover, Plaintiff has not alleged that Conway initiated the proceeding out of malice. Accordingly, the Court adopts the Report's conclusion that Plaintiff has failed to establish a

---

[4] Plaintiff also argues that by issuing the arrest warrant, Orange County did not give "full faith and credit" to the expungment order of the Bergen County Superior Court. The issue in this case, however, is not whether New York gave full faith and credit to the judgment of another state, but whether Defendant Conway had probable cause to seek an arrest warrant for Plaintiff. The probable cause inquiry does not implicate the Full Faith & Credit clause, and thus the Court does not need to address Plaintiff's Full Faith & Credit arguments in order to resolve his complaint.

claim of malicious prosecution.  The Court GRANTS Conway's motion for summary judgment on the claim.

        C.   Hourihan's and Plaintiff's Motions for Summary Judgment

Plaintiff has not objected to the Report's recommendations that the Court:  (1) grant Hourihan's motion for summary judgment; and (2) deny Plaintiff's motion for summary judgment as moot.  The Court, therefore, reviews these portions of the Report for clear error.  The Report concludes that Plaintiff has failed to establish a First Amendment retaliatory arrest claim against Hourihan because Plaintiff has not provided any evidence that:  (1) Hourihan's actions were motivated by Plaintiff's exercise of his First Amendment rights; or (2) Hourihan's arrest of Plaintiff actually chilled Plaintiff's right to free speech.  The Report also concludes that dismissing Plaintiff's claims against Conway and Hourihan will render Plaintiff's motion for summary judgment moot.

The Court, having reviewed the Report, finds that it is well-reasoned and thorough in its consideration of both factual and legal issues.  The Court has found no clear error in the Report's analysis or conclusions.  The Court therefore adopts the Report's conclusions that Plaintiff has failed to establish a claim against Hourihan for retaliatory arrest in violation of Plaintiff's First Amendment Rights, and that Plaintiff's motion for summary judgment should be denied as moot.  See Eisenberg v. New England Motor Freight, Inc., 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008)("A district court evaluating a Magistrate Judge's report and recommendation may adopt those [uncontested] portions . . . as long as the factual and legal bases supporting [its] findings and conclusions . . . are not clearly erroneous or contrary to law.").

Accordingly, the Court GRANTS Hourihan's motion for summary judgment on Plaintiff's retaliatory arrest claim, and DENIES Plaintiff's motion for summary judgment.

III.   <u>Conclusion</u>

For the reasons stated above, the Court GRANTS Conway's and Hourihan's motions for summary judgment (D.E. #s 85 & 90), and DENIES Plaintiff's motion for summary judgment (D.E. # 101).

The Court orders the Clerk of the Court to close this case; any pending motions are moot.

SO ORDERED.

DATED:   New York, New York
         December 15, 2009

*[signature]*
KIMBA M. WOOD
United States District Judge